**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMAZI OBOLASHVILI, | No.  1:26-cv-01362 JLT CDB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| KRISTI NOEM, *et al.*, | (Doc. 13) |
| Respondents. | |

Tamazi Obolashvili is a federal immigration detainee. He initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 17, 2026, and a motion for temporary restraining order the next day. He is in the custody of the Immigration and Customs Enforcement  at the California City Correctional Facility in California City.  (Docs. 1, 8, 9.)  On February 19, 2026, the Court denied Petitioner's TRO motion because it is unnecessary and would duplicate proceedings in light of the preexisting briefing schedule on the merits of the petition.  (Doc. 9) (citing Doc. 7.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On March 13, 2026, the magistrate judge issued findings and recommendations to grant the Petition in part only as to the procedural due process claim (Count Six).  (Doc. 13.)  The Court served the findings and recommendations on the parties. Respondents timely filed objections.  (Doc. 14.)

Respondents object to the findings and recommendations for the same reasons advanced in Respondents' earlier filing, to wit, that Petitioner's detention is governed by and mandatory under 8 U.S.C. § 1225(b) and that Petitioner is not entitled to a bond hearing or immediate release.  *Id.*; *see* (Doc. 11.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on March 13, 2026 (Doc. 13) are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

3. Respondents are **ORDERED** to release Petitioner immediately.

4. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven (7) days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.[1]

5. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **March 24, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, SHALL be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's SHALL provide a bond hearing in the timeframe required by law.

2